# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| TIMOTHY ANDERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : No. 3:18-cv-00105-CAR-CHW |
| ELBERT COUNTY JAIL, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER OF DISMISSAL

Plaintiff Timothy Anderson, a prisoner in Central State Prison in Macon, Georgia, filed a 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff failed to attach a certified account statement in support of his motion to proceed *in forma pauperis*, however, and thus, he was ordered to file an account statement. Order, Aug. 23, 2018, ECF No. 5.

Ultimately, because it appeared that Plaintiff had attempted to obtain an account statement but had been unable to do so through no fault of his own, Plaintiff was granted leave to proceed *in forma pauperis* in this action, and his complaint underwent a preliminary review. Order, June 27, 2019, ECF No. 15. The preliminary review revealed, however, that Plaintiff had not stated a claim upon which relief could be granted, and thus, he was ordered to file a recast statement of claims if he wanted to proceed with this action. *Id.* at 12-13. Plaintiff was given twenty-one days to file a recast statement of claims and was cautioned that his failure to do so would result in the dismissal of this action. *Id.* at 13.

Plaintiff subsequently failed to file a recast statement of claims within the allotted time. Accordingly, he was ordered to show cause why this case should not be dismissed for failure to file a recast statement of claims. Order, Aug. 1, 2019, ECF No. 16. Plaintiff was again given twenty-one days to respond and was cautioned that his failure to do so would result in the dismissal of this action. *Id.* at 2.

More than twenty-one days have passed since the entry of the show cause order, and Plaintiff has not responded to that order. Moreover, the order, which was sent to Plaintiff at the Central State Prison – the only address on file for Plaintiff – has been returned to this Court as undeliverable. Mail Returned, ECF No. 17. The failure to keep the Court apprised of Plaintiff's current address constitutes a failure to prosecute this action, and insofar as this Court has no information about Plaintiff's current whereabouts, this action cannot proceed.

Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute his case, this action is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 25th day of September, 2019.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT